**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 6, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

ALY ISSAC FOFANA,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 22-9509
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Aly Issac Fofana, a native and citizen of Cote d'Ivoire (Ivory Coast), petitions

for review of a decision of the Board of Immigration Appeals (BIA) denying his

motion to reconsider and his request to hold the motion in abeyance. Exercising

jurisdiction under 8 U.S.C. § 1252(a), we deny the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

After filing an asylum application, Mr. Fofana was able to pursue adjustment of status through his United States-citizen spouse.  When he arrived for his hearing before an immigration judge (IJ), he withdrew his asylum application.  However, the IJ determined that the asylum application was frivolous and thus barred him from receiving any benefits under the Immigration and Nationality Act.  *See* 8 U.S.C. § 1158(d)(6).  The IJ therefore denied Mr. Fofana's application for adjustment of status and ordered him removed.  The BIA affirmed the IJ's decision.

Mr. Fofana filed a motion to reconsider.  He argued that because he withdrew the asylum application, he was entitled to the benefit of 8 C.F.R. § 1208.20(f). Section 1208.20(f) sets forth four conditions that, if met, preclude the agency from finding a withdrawn asylum application frivolous:

> (1) The alien wholly disclaims the application and withdraws it with prejudice;
>
> (2) The alien is eligible for and agrees to accept voluntary departure for a period of no more than 30 days pursuant to section 240B(a) of the [Immigration and Nationality] Act;
>
> (3) The alien withdraws any and all other applications for relief or protection with prejudice; and
>
> (4) The alien waives his right to appeal and any rights to file, for any reason, a motion to reopen or reconsider.

The government opposed the motion, stating that a federal district court had preliminarily enjoined § 1208.20 from going into effect.  *See Pangea Legal Servs. v. U.S. Dep't of Homeland Sec.*, 512 F. Supp. 3d 966, 977 (N.D. Cal. 2021).

Mr. Fofana then requested that the BIA hold the proceeding in abeyance pending the resolution of *Pangea Legal Services*.

The BIA denied both the motion to reconsider and the request to hold the matter in abeyance, stating, "the regulation cited by the respondent was subject to a preliminary injunction as of January 8, 2021 (prior to the date it would have taken effect), is still enjoined, was never applicable to the respondent's case, and is not now applicable to his case." Admin. R. at 3.  The BIA further stated that Mr. Fofana "does not explain how his particular situation would meet the requirements of the regulation at issue since his Immigration Court hearing was 2 years before the regulation was to take effect and in light of the regulation's requirements."  *Id.* at 3-4. After quoting the four conditions of § 1208.20(f), it found that Mr. Fofana had "not established that he agreed at his hearing to withdraw his application for adjustment of status and seek voluntary departure for a period of 30 days or less and also waived his right to appeal and his right to file a motion."  *Id.* at 4.

Mr. Fofana now petitions for review.

## DISCUSSION

We review for abuse of discretion the BIA's denial of a motion to reconsider. *See Berdiev v. Garland*, 13 F.4th 1125, 1130 (10th Cir. 2021).  We also review for abuse of discretion the BIA's denial of a request for abeyance.  *See Cabral v. Holder*, 632 F.3d 886, 889 (5th Cir. 2011).  "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is

devoid of any reasoning, or contains only summary or conclusory statements."
*Berdiev*, 13 F.4th at 1130-31 (internal quotation marks omitted).

Mr. Fofana argues that the BIA abused its discretion because it "failed to provide a reasoned explanation of its decision. One is unable to determine from the BIA's language and mere citation to 8 C.F.R. § 1208.20(f) on which . . . grounds the BIA relied to deny Petitioner's motion to reconsider for abeyance." Pet'r's Opening Br. at 23. "This Court cannot perform a meaningful review where the [BIA] does not sufficiently articulate its reasoning." *Id.* at 25.

This contention is meritless. Although its decision is concise, the BIA gave several reasons for concluding that Mr. Fofana was not entitled to relief under § 1208.20(f): (1) the regulation was preliminarily enjoined and had never gone into effect; (2) Mr. Fofana's case was before the IJ two years before the regulation's proposed effective date; and (3) Mr. Fofana had failed to demonstrate that he could satisfy all of the regulation's requirements. This discussion more than satisfied the BIA's obligation to provide a "rational explanation" to support its decision. "There is no abuse of discretion when the BIA's rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law, even when the BIA's decision is succinct." *Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015) (internal quotation marks omitted).

Mr. Fofana accuses the BIA of "disingenuously maintain[ing] that the Petitioner did not address how the outcome of the Pangea matter would apply to his case." Pet'r's Opening Br. at 24. But the BIA did not err in determining that

4

Mr. Fofana's appeal brief failed to establish that he meets all four requirements of § 1208.20(f). And in any event, he ignores the BIA's point that the IJ heard his case before § 1208.20's effective date. Under § 1208.20(a)(2), "[p]aragraphs (b) through (f) shall only apply to applications filed on or after January 11, 2021," and it is undisputed that Mr. Fofana filed his asylum application in 2011. Given that Mr. Fofana could never receive relief under § 1208.20(f) even if the *Pangea Legal Services* injunction were to be dissolved, the BIA did not abuse its discretion in declining to hold the motion in abeyance pending the resolution of that case.

## CONCLUSION

The petition for review is denied.

Entered for the Court

Joel M. Carson III
Circuit Judge